```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
UNITED STATES OF AMERICA,

            -against-

ECE ALPTUNAER,

                          Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/9/2024   

23 Cr. 188 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed the parties' responses to the Court's July 30, 2024 order. *See* ECF Nos. 60, 62, 63.

Defendant represents that, during the relevant time period, she expended at least $432,284.04 in pursuit of "spiritual contentment" by "engag[ing] the services of a medium in Türkiye through a friend, Hanife Cetinkaya, located in Türkiye." Def. Letter at 5–6, ECF No. 63. The medium's name is Elif. *Id.* at 5. Defendant states that her "hiring of Elif (and the work Elif was suppose[d] to perform), [Defendant's] payments to Elif, routed through Hanife and her surrogates[, and] Elif's expert luring [Defendant] into paying more, are corroborated by . . . WhatsApp text and voice messages." *Id.* at 7; *see id.* at 2. Exhibits 7 and 8 to Defendant's letter list text and voice messages from Defendant's "WhatsApp account, along with limited associated metadata (*i.e.*, date and parties)." *Id.* at 4. Defendant represents that the text and voice messages were provided by the Government in discovery, and that she recently engaged the services of a translator to translate the messages into English. *Id.* at 2, 4.

Defendant also states that she "continues to make efforts to repatriate funds to the U.S. for restitution." *Id.* at 15. She "estimates that another month is needed to complete that process." *Id.* However, Defendant does not describe in any detail the steps she has undertaken and will undertake to ensure that such funds are repatriated to the United States for the purposes of restitution.

The Court has several questions for the Government regarding the text and voice messages cited by Defendant. *First*, did the Government provide the text and voice messages and associated metadata to Defendant? *Second*, if so, did the Government obtain translations of the voice and text messages? *Third*, if so, does the Government dispute any of the translations provided by Defendant? *Fourth*, if the Government previously obtained translations, why did the Government not question Defendant's prior representation that much of the embezzled funds were spent on family medical expenses in Turkey?

The Court also has several questions for Defendant. *First*, did Defendant report "Elif," Hanife Centikaya, and their surrogates to Turkish law enforcement? *Second*, if so, what was the outcome? If not, why not? *Third*, what specific efforts has Defendant undertaken and will undertake to repatriate funds to the United States, and what is the status of repatriation?

The parties are directed to respond to the Court's questions via filings on the public docket by **Friday, September 13, 2024**. When the Court is satisfied that a complete record of Defendant's use of the embezzled funds and her attempts at repatriation of said funds has been developed, the Court shall direct the Probation Department to produce a revised presentence report, set deadlines for the parties' sentencing submissions, and set a date for sentencing.

SO ORDERED.

Dated: September 9, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge